# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 3:15-CR-00009 |
| | ) | REEVES/GUYTON |
| MARY EMMA McMILLAN | ) | |

## MEMORANUM AND ORDER

Before the court is defendant's motion for early termination of probation. On October 1, 2015, defendant was sentenced to three (3) years of supervised probation following her guilty plea to making false statements before the Grand Jury. In support of her motion for early termination, defendant states she has completed more than two years of probation with no issues. In addition, her health has improved and she has been able to move into her own residence and live independently.

The Probation Office confirms that defendant has completed approximately two years and one month of her probationary period. Defendant is now 75 years-old and she is retired. At the onset of her probationary sentence, she was living with her daughter due to medical issues. However, while under supervision, defendant's health has improved and in February 2016, she was able to move into her own apartment. The probation officer has completed home visits with defendant since she moved into her own residence and reports she is in better spirits due to being able to function and live independently. Defendant has been compliant with the conditions of her supervision and she has incurred no instances of

new arrests/criminal activity while on supervision. Therefore, the probation officer does not oppose early termination of her probation.

Defendant was convicted of making false statements to the Grand Jury and was sentenced to three (3) years of supervised probation. The record shows that defendant has completed more than half of her ordered term of supervised probation. Defendant moves for early termination of supervised probation pursuant to 18 U.S.C. § 3583(e) which provides:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(6), and (a)(7) –
>
> Terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

After carefully considering the requirements of the statute, the court finds that the relevant portions of 18 U.S.C. § 3583(e) support an early termination of defendant's probation. In support of this determination, the court notes that defendant has completed more than half of her term of supervised probation and that defendant is in compliance with the conditions of her probation. In addition, her probation officer does not oppose termination, and the government has informed the court that it has no opposition to the motion. Accordingly, because the requirements of 18 U.S.C. § 3583(e)(1) have been satisfied, the court finds the motion for early termination of supervised probation well

taken, and it is hereby **GRANTED**. Defendant's term of supervised probation is **TERMINATED.**

The court is glad to hear that defendant's health has improved and that she is able to live independently. The court commends the defendant on the progress she has made and wishes defendant success in her future endeavors.

The Clerk is **DIRECTED** to send a copy of this order to Mary Emma McMillan at 272 Main Street, Apt D29, Maynardville, TN 378007.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**